UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER BRICK,

                         Plaintiff,


                                                      **Hon. Hugh B. Scott**

                    v.                                06CV622

                                                      (CONSENT)

CSX TRANSPORTATION, INC.,
NEW YORK CENTRAL LINES, LLC, and                      **Order**
LAFARGE NORTH AMERICAN CORPORATION,

                         Defendants.


        Before the Court are motions from all defendants involving plaintiff's expert disclosure

and (from all parties) seeking extension of the current Scheduling Order.  First, defendant

Lafarge North American Corporation ("Lafarge") filed its motion (pursuant to Fed. R. Civ. P.

37(b)) to preclude plaintiff's expert testimony and to extend the Scheduling Order (Docket No.

19[1]).  The Court entered a briefing schedule for this motion, with responses due by July 27, 2007,

and any reply by August 3, 2007, and the motion initially was deemed submitted (without oral

argument) on August 3, 2007 (Docket No. 21).  Later this motion (with the others) was deemed

submitted on August 13, 2007 (Docket No. 25).  In response to this motion, plaintiff (in part)

joins in Lafarge's request to extend the Scheduling Order (Docket No. 24, Pl. Atty. Aff. ¶ 19).

---

[1]In support of this motion, Lafarge submitted its attorney's affidavit and exhibits, Docket
No. 19, and its attorney's reply affidavit with exhibits, Docket No. 27.  That reply affidavit was
also submitted in support of Lafarge's cross-motion to compel, Docket No. 26.
        In opposition, plaintiff submitted his attorney's affidavit with exhibits, Docket No. 24.

Next, defendants CSX Transportation and New York Central Lines, LLC (collectively

"CSX") cross-moved to preclude plaintiff's expert testimony or to issue an Order directing

plaintiff to fully comply with Federal Rule of Civil Procedure 26(a)(2), and to extend the

Scheduling Order (Docket No. 22[2]).  Responses to this motion were due by August 7, 2007, and

any reply by August 13, 2007, with this motion (and Lafarge's motion) deemed submitted (again

without oral argument) on August 13, 2007 (Docket Nos. 23, 25).

Next, in his response to Lafarge's motion, plaintiff cross-moved to extend the Scheduling

Order (Docket No. 24).  This cross-motion was deemed submitted on August 13, 2007 (see

Docket No. 25).

Finally, Lafarge cross-moved to compel document production from plaintiff (Docket

No. 26[3]).  Response to this cross-motion was due by August 10, 2007[4], with this and all pending

motions deemed submitted on August 13, 2007 (Docket No. 28).

## BACKGROUND

This personal injury action was commenced in New York State Supreme Court, Niagara

County, and was removed to this Court on September 14, 2006 (Docket No. 1), on the basis of

---

[2]In support of their joint cross-motion, CSX Transportation and New York Central Lines, LLC, submitted their cross-motion, the affidavit of their counsel, with exhibits, Docket No. 22; attorney's affidavit with additional exhibits in reply, Docket No. 32.
In opposition, plaintiff, filed his attorney's affidavit with exhibits, Docket No. 29.

[3]In support of this cross-motion, Lafarge submits its attorney's reply affidavit with exhibits to its earlier motion, Docket No. 27.

[4]None was filed.

diversity jurisdiction[5].  This case arises from a motorcycle accident that occurred on or about

September 10, 2003 (see Docket No. 22, CSX Motion at 2), on land alleged to be owned by

defendants.

The parties consented to proceed before the undersigned as Magistrate Judge on

January 4, 2007 (Docket No. 8).  Before this, the Court entered a Scheduling Order on

December 20, 2006 (Docket No. 9), based upon the parties' Rule 26(f) planning meeting report

(Docket No. 6).  Plaintiff (with the consent of defense counsel) applied to amend this Scheduling

Order, which the Court granted in part (Docket No. 13, First Amended Scheduling Order of

Mar. 20, 2007).  The parties proceeded through discovery and then, at a conference on June 5,

2007, sought an extension of the First Amended Scheduling Order to complete discovery

(Docket No. 17).  The Court, on that same date, entered the Second Amended Scheduling Order,

with plaintiff's expert identification and written reports due by July 6, 2007; defense expert

identification and reports due by August 10, 2007, and all expert discovery was to be completed

by August 31, 2007.  Discovery was to be completed by September 21, 2007, and dispositive

motions was due by November 21, 2007.  (Docket No. 18.)

Meanwhile, the parties attempted to mediate this case through the Court's pilot

Alternative Dispute Resolution ("ADR") program (see Docket No. 20 (mediation certificate of

July 13, 2007, indicating that mediation was complete and the case could proceed to trial)).  The

---

[5]Plaintiff is a citizen of New York; defendant Lafarge is incorporated in Maryland and has its principal place of business in Virginia; defendant CSX Transportation is incorporated and has its principal place of business in Florida; and defendant New York Central Lines is incorporated in Delaware with its principal place of business in Florida, Docket No. 1, Notice of Removal ¶¶ 4-6.

current Second Amended Scheduling Order referred this case to ADR mediation until

October 22, 2007 (Docket No. 18).

*Present Motions*

      Lafarge moved to preclude plaintiff from introducing his expert testimony because

plaintiff only identified his experts and furnished their vitae but did not provide their reports

(Docket No. 19, Lafarge Atty. Aff. ¶¶ 6, 7, Ex. D; <u>see</u> Docket No. 24, Pl. Atty. Aff. Ex. B).

Lafarge objects to plaintiff's incomplete expert disclosure (<u>see</u> Docket No. 22, CSX Atty. Aff.

Ex. 2) and seeks preclusion under Rule 37(b) (Docket No. 19, Lafarge Atty. Aff. ¶ 8).  CSX also

cross-moves to preclude, but under Rule 26(a)(2), because plaintiff has not furnished expert

reports (Docket No. 22, CSX Motion at 2).  Alternatively, CSX seeks complete expert disclosure

(<u>id.</u> at 3).  All defendants alternatively argue that, if the Court now allows plaintiff to serve his

expert disclosure, the Scheduling Order should be extended further to allow for their respective

expert disclosures (Docket No. 19, Lafarge Atty. Aff. ¶ 9; Docket No. 22, CSX Motion at 3).

Lafarge later cross-moved to compel plaintiff to respond to its notice of discovery and inspection

(Docket No. 26, Notice of Motion; Docket No. 27, Lafarge Atty. Aff., ¶ 9, Ex. A).

      Plaintiff responds that he cannot provide expert reports until all depositions, including

those of Lafarge's representatives and a non-party witness (scheduled for August), have been

taken (Docket No. 24, Pl. Atty. Aff. ¶¶ 5, 6, Ex. C), contending that he learned of the Lafarge

representatives during a June 2007 deposition (<u>id.</u> ¶ 7, Ex. D).  Plaintiff now cross-moves to

extend the time for him to produce his expert disclosure (<u>id.</u> ¶ 19).  He did not respond to

Lafarge's latest motion to compel document production.

**DISCUSSION**

I.      Preclusion of Expert Testimony

      A.      Standard

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order

compelling discovery, with that motion including a certification that the movant in good faith

conferred or attempted to confer with the party not making the disclosure to secure that

disclosure without court intervention, Fed. R. Civ. P. 37(a)(2)(A), the sanctions under this rule

do not include evidence preclusion.  Procedurally, under Rule 37(a)(2)(B) and this Court's Local

Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a

discovery dispute before making motions to compel.  Rule 37(b) sanctions (such as evidence

preclusion) include a party who fails to comply with an Order to produce, Fed. R. Civ. P. 37(b),

(b)(2)(B).  As with imposition of Rule 37(d) sanctions for failure to comply with discovery

demands, imposition of sanctions under Rule 37(b) must be weighed in light of the full record.

See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d

Cir. 1979).

      This Court has wide discretion to impose sanctions and determine the type of sanction to

be imposed under Rule 37(b).  See Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d

99, 107 (2d Cir. 2002); Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999)

(Rule 37(d) sanction), cert. denied, 528 U.S. 1119 (2000).  The rule lists various sanctions

including preclusion or dismissal of claims.  Fed. R. Civ. P. 37(b)(2)(A) (facts established),

(b)(2)(B) (refusing to allow disobedient party to support claim or defense, evidence preclusion),

(C) (striking pleadings), or (D) (contempt of court for failing to produce witness, as well as

payment of opponent's reasonable expenses, and attorneys' fees).  The preclusion of evidence for failure to respond to a discovery request is a drastic remedy.  Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction); Johnson v. the Bon-Ton Dep't Stores, No. 05CV170, Docket No. 34 (Order of Mar. 28, 2006) (see also Docket No. 24, Pl. Atty. Aff. ¶ 10).  But this drastic remedy is only available upon a party disobeying an Order compelling production.  Fed. R. Civ. P. 37(b).  Absent such an Order, a movant is not entitled to Rule 37(b) sanctions.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2289, at 669 (Civil 2d 1994); United States v. Kattar, 191 F.R.D. 33, 35 (D.N.H. 1999) (quoting R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15, 16 (1st Cir. 1991)).  The only relief available when a party fails to respond to a discovery demand is an Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P. 37(a)(2)(B), (4)(A).  The increased sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's Order compelling production.  See also Fed. R. Civ. P. 37(b)(2)(D) (in lieu of foregoing order, party could be held in contempt of court for failing to obey discovery order).

Under Rule 26(a)(2), the identification of an expert witness needs to include a written report prepared and signed by the witness, containing

> "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data and other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years,"

6

Fed. R. Civ. P. 26(a)(2)(B).  "These disclosures shall be made at the times and in the sequence

directed by the court," id. R. 26(a)(2)(C).  Here, this Court's Scheduling Order (as amended) set

forth the timing and sequence for expert disclosure and reporting (Docket Nos. 9, 13, 18).

B.    Application

Here, this is the initial set of motions regarding plaintiff's expert disclosure.  As noted by

plaintiff (Docket No. 24, Pl. Atty. Aff. ¶ 9; Docket No. 29, Pl. Atty. Aff. ¶¶ 11, 16), defendants

did not move to compel under Rule 37(a) (or at most CSX alternatively moves to compel, see

Docket No. 22, CSX Motion at 3; Docket No. 32, CSX Atty. Reply Aff. ¶ 6) and obtained an

Order that plaintiff later disregarded that could be enforced by a motion to preclude evidence

under Rule 37(b).  These motions (CSX alternatively and Lafarge implicitly) ultimately seek to

compel a more complete disclosure by plaintiff from his experts.  CSX responds that they rely

upon the Second Scheduling Order which set the deadline for production of expert reports

(Docket No. 32, CSX Atty. Reply Aff. ¶ 5).

On the basis of motions to compel, Lafarge's motion and CSX's cross-motion are

**granted**, plaintiff is **ordered** to produce a complete expert disclosure, including expert reports.

Evidence preclusion, however, is **denied**.  The next question is the timing for plaintiff's

compliance and extension of the Scheduling Order.

C.    Lafarge Document Production Cross-Motion

Before revisiting the schedule, defendant Lafarge's second motion must be considered.

Lafarge argues that it is owed document production (seeking documents and photographs of

plaintiff's motorcycle before and after the September 2003 accident, proof of accident related

expenses incurred, business records of plaintiff's business, Brick Brother's Pizzeria) and wrote to

plaintiff seeking it before filing its cross-motion (Docket No. 27, Lafarge Atty. Reply Aff. ¶ 9,

Exs. A, B).  Plaintiff did not move for a protective order or object to the scope of Lafarge's

demands and did not file a response to this cross-motion.

Therefore, Lafarge's cross-motion to compel (Docket No. 26) is **granted,** plaintiff is to

respond to Lafarge's outstanding discovery demands.

III.     Extension of Scheduling Order

All parties seek extension of the current Second Amended Scheduling Order (Docket

No. 18).  Plaintiff argues that he needs to complete depositions of Lafarge representatives and

another witness (scheduled for August 2007) before his experts can render reports that he can

produce (Docket No. 24, Pl. Atty. Aff. ¶¶ 5-8).  Lafarge first sought additional time to disclose its

experts (Docket No. 19, Lafarge Atty. Aff. ¶ 9), without stating how much time it would need.

Later, Lafarge argued that it needs at least thirty days after plaintiff's deadline and the deadline

for expert depositions be pushed out thirty more days (Docket No. 27, Lafarge Atty. Reply Aff.

¶ 11).  CSX states that, if plaintiff is given the opportunity to submit complete expert disclosures,

the Scheduling Order should be extended to have defendants' expert disclosure due by October

21, 2007 (or thirty days after the current discovery deadline) (Docket No. 22, CSX Motion at 3).

Plaintiff in his cross-motion joins in Lafarge's request to extend the Scheduling Order, to have

expert disclosure by October 21, 2007, but to have plaintiff's discovery (including his expert

disclosure) due by September 21, 2007 (Docket No. 24, Pl. Atty. Aff. ¶ 19).

Under Federal Rule of Civil Procedure 16, modification of a Scheduling Order is done

only upon a showing of good cause.  Fed. R. Civ. P. 16(b); see Tota v. Franzen, No. 06CV514,

Docket No. 37 (W.D.N.Y., Scott, Mag. J.) (Order of May 1, 2007); 6A Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1522.1, at 230-31(Civil 2d ed. 1990).  (<u>See also</u> Docket No. 24, Pl. Atty. Aff. ¶ 20.)  "In the absence of some showing of why an extension is warranted, the scheduling order shall control."  6A Wright, Miller & Kane, <u>supra</u>, § 1522.1, at 231.  This Court has broad discretion in preserving the integrity of its Scheduling Orders, <u>see</u> <u>Barrett v. Atlantic Richfield Co.</u>, 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.  Plaintiff cites the decision by this Court in <u>BMC, LLC v. Verlan Fire Insurance Company</u>, No. 04CV105, Docket No. 41 (Order of Sept. 26, 2006), wherein the Scheduling Order was amended to allow time to file an expert report (Docket No. 24, Pl. Atty. Aff. ¶¶ 22, 23).

Good cause has been shown here.  Plaintiff's ability to render expert reports is dependent upon him obtaining deposition testimony from Lafarge and another witness scheduled for August.  Extending his time (and consequently everyone else's) will enable him to produce those reports.  But it is noted that this will be the third extension of the schedule in a relatively straight forward personal injury action.  The Court will grant this final extension and no more.  The new schedule is set forth in the Conclusion.

## CONCLUSION

For the reasons stated above, defendant Lafarge North American Corporation's motion to preclude plaintiff's expert testimony (Docket No. 19) is **granted in part, denied in part**. Lafarge's motion to preclude is **denied**.  Lafarge's motion to extend the Scheduling Order is **granted**, the schedule is set forth below.

Defendants CSX Transportation and New York Central Lines LLC's joint cross-motion to preclude plaintiff's expert testimony (Docket No. 22) is also **granted in part, denied in part**;

their cross-motion to preclude is **denied**, their cross-motion to compel is **granted**.  Their cross-motion to extend the Scheduling Order is also **granted** as set forth below.

Plaintiff's cross-motion to extend the Scheduling Order (Docket No. 24), is also **granted** as set forth below.

Lafarge's cross-motion to compel (Docket No. 26) is **granted**.

Plaintiff's responding affidavit was termed a motion in the Docket (Docket No. 29); as such it is **terminated**.


## THIRD AMENDED SCHEDULE

1.   Referral to this Court's Alternative Dispute Resolution program continues and mediation shall continue until **January 4, 2008**.

2.   All discovery (fact and expert) in this case shall conclude on **December 7, 2007**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

3.   Plaintiff shall identify his experts and provide written reports in compliance with this Order and with Rule 26(a)(2), as amended in 1993, no later than **September 21, 2007**; defendants shall identify their respective experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **October 21, 2007**.  All expert discovery shall be completed on or before **November 16, 2007**.

4.   Dispositive motions, if any, shall be due on or before **February 7, 2008.**

5.   In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **March 21, 2008**.

6.     **No extension of the above cutoff dates will be granted except upon written**

       **application, filed prior to the cutoff date, showing good cause for the extension.**

7.     A final pretrial conference pursuant to Fed. R. Civ. P. 16(d) and this Court's Local Civil

       Rule 16.1(f) will be scheduled by the Court.


       So Ordered.

                                                        _/s/ Hugh B. Scott_____
                                                        Honorable Hugh B. Scott
                                                        United States Magistrate Judge

Dated: Buffalo, New York
       September 4, 2007