UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER BRICK,

                    Plaintiff,


                                                          **Hon. Hugh B. Scott**

              v.                                          06CV622

                                                          (CONSENT)

CSX TRANSPORTATION, INC.,
NEW YORK CENTRAL LINES, LLC,                              **Order**
LAFARGE NORTH AMERICAN CORPORATION,

                    Defendants.


        Before the Court is defendant Lafarge North American Corporation's ("Lafarge") motion

(Docket No. 35[1]) to preclude plaintiff from introducing certain evidence for failing to respond to

Lafarge's discovery requests and comply with this Court's Order (Docket No. 34).  Lafarge also

seeks an extension of time to make its expert disclosure due to the failure of plaintiff to respond

to Lafarge's factual discovery (see Docket No. 35, Lafarge Atty. Aff. ¶ 10).  The parties

consented to proceed before the undersigned Magistrate Judge on January 4, 2007 (Docket

No. 8).

        Responses to this motion were due by October 26, 2007, any replies were due by

November 8, 2007, and the motion was deemed submitted (without oral argument) on

November 8, 2007 (Docket No. 36).

_____

        [1]In support of this motion, Lafarge filed its attorney's affidavit with exhibits, Docket
No. 35.  In opposition, plaintiff filed his attorney's opposition affidavit with a single exhibit (the
responses to defendant Lafarge's document demands), Docket No. 37.

**BACKGROUND**

Familiarity with the facts from prior Orders in this action (<u>e.g.</u>, Docket No. 33) is presumed.  This personal injury action was commenced in New York State Supreme Court, Niagara County, and was removed to this Court on September 14, 2006 (Docket No. 1), on the basis of diversity jurisdiction[2].  This case arises from a motorcycle accident that occurred on or about September 10, 2003 (<u>see</u> Docket No. 22, CSX Motion at 2), on land alleged to be owned by defendants.  Plaintiff alleges that Lafarge was negligent in placing a pile of stones on a trail plaintiff rode his motorcycle on (<u>see</u> Docket No. 35, Lafarge Atty. Aff. ¶ 4).

Lafarge initially moved to preclude plaintiff from introducing his expert testimony because plaintiff only identified his experts and furnished their vitae but did not provide their reports (Docket No. 19, Lafarge Atty. Aff. ¶¶ 6, 7, Ex. D; <u>see</u> Docket No. 24, Pl. Atty. Aff. Ex. B; <u>see also</u> Docket No. 35, Lafarge Atty. Aff. ¶ 5).  The Court granted in part, denied in part this motion, denying preclusion of expert testimony but ordering plaintiff to identify his experts (Docket No. 33, Order at 7).  Meanwhile, Lafarge filed another motion to compel plaintiff to respond to its notice of discovery and inspection (Docket No. 26, Notice of Motion; Docket No. 27, Lafarge Atty. Aff., ¶ 9, Ex. A).  The Court granted this unopposed motion (Docket

---

[2]Plaintiff is a citizen of New York; defendant Lafarge is incorporated in Maryland and has its principal place of business in Virginia; defendant CSX Transportation is incorporated and has its principal place of business in Florida; and defendant New York Central Lines is incorporated in Delaware with its principal place of business in Florida, Docket No. 1, Notice of Removal ¶¶ 4-6.

No. 33, Order at 7-8).  That Order also extended the Scheduling Order[3] in this case and disposed of defendant CSX Transportation's cross-motion for discovery.

*Lafarge's Present Motion*

Lafarge served its Notice for Inspection and Discovery (Docket No. 35, Ex. A), seeking before and after photographs of the motorcycle involved in the accident; correspondence, invoices, bills, or other documentation for the towing of the motorcycle; sales receipt, manual, warranty information for the motorcycle; repair receipts or invoices up to the date of the accident; sales receipts or invoices for parts; sales documents for plaintiff's pizzeria; list of employees of that pizzeria; and other business records for that pizzeria (id.).  Lafarge claims that its document demands were directed to plaintiff's lost wage claims (Docket No. 35, Lafarge Atty. Aff. ¶ 9) in particular the materials sought regarding plaintiff's pizzeria.  Lafarge's discovery demand was originally due on July 14, 2007 (id. Lafarge Atty. Aff. ¶ 6).  Plaintiff described his claim for past and future wages in his earlier Interrogatory Answers (Docket No. 35, Lafarge Atty. Aff. ¶ 3, Ex. D, Ans. to Interrog. No. 15), asserting earning between $25,000 and $30,000 as a construction worker and pizzeria owner before the accident but earning now between $15,000 and $20,000 as a lawn equipment salesman (id. Ex. D, Ans. to Interrog. No. 15).  He claimed future earnings of $10,000 to $15,000 a year, with an exact calculation to be determined by plaintiff's vocational rehabilitation expert (id.).

---

[3]Plaintiff's expert disclosure was now due by September 21, 2007; defendants' expert disclosure by October 21, 2007; all expert discovery was to conclude by November 16, 2007; motions to compel discovery were due by November 7, 2007; all discovery was to be completed by December 7, 2007.  Alternative Dispute Resolution mediation is to conclude by January 4, 2008.  Dispositive motions are due by February 7, 2008, while pretrial statements are due by March 21, 2008.  Docket Nos. 33, 34, Order at 10-11.

After this Court entered the Order on Lafarge's earlier motions, Lafarge's counsel wrote to plaintiff's counsel requesting responses to its outstanding document discovery demand (Docket No. 35, Lafarge Atty. Aff. ¶ 6, Ex. F).  Plaintiff, however, had not responded to this request (or to prior ones) (id. Lafarge Atty. Aff. ¶ 7).  Lafarge's expert report is due October 21, 2007 (see Docket No. 34, Order, at 10), and its expert needs the documents sought from plaintiff about his motorcycle to complete his report; Lafarge thus seeks additional time to disclose that report (Docket No. 35, Lafarge Atty. Aff. ¶ 10).

Lafarge now moves (Docket No. 35, Oct. 4, 2007) to preclude plaintiff from offering proof or evidence to support his claims for past and future lost wages for failing to respond to Lafarge's Notice for Discovery and Inspection (Docket No. 35, Ex. A) and failure to comply with this Court's Order (id., Ex. B; Docket No. 33).

Plaintiff responds with a copy of the response to Lafarge's document demands (dated October 18, 2007) including withdrawal of his claims for past and future lost wages (obviating the need to produce financial records for the pizzeria) (Docket No. 37, Ex. A).

## DISCUSSION

I.      Standard

Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record.  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37(d) calls upon the Court to make such Orders in regard to disclosure failures as are just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d).  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119

4

(2000). The rule lists various sanctions including preclusion or dismissal of claims. Fed. R. Civ.

P. 37(d), (b)(2)(A) (facts established), (b)(2)(B) (refusing to allow disobedient party to support

claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce

witness, as well as payment of opponent's reasonable expenses, and attorneys' fees). Preclusion

of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi,

903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey

Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Even if the sought

discovery is provided in the face of the motion, the party that necessitated the motion is liable for

the reasonable expenses associated with the motion to compel, Fed. R. Civ. P. 37(a)(4)(A).

Procedurally, under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to

make a statement of good faith efforts made to resolve a discovery dispute before making

motions to compel. Under Rule 37(a)(4), if the motion to compel is granted, the Court

> "shall, after affording an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, . . ., unless the court finds that the motion was
> filed without the movant's first making a good faith effort to obtain the discovery
> or disclosure without court action, or that the opposing party's nondisclosure,
> response, or objection was substantially justified, or that other circumstances
> make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4)(A).

II.     Lafarge's Document Demands

        Lafarge seeks documents surrounding the motorcycle involved in the accident and

business records for plaintiff's pizzeria (ostensibly to establish his income from that business).

Plaintiff's response to this motion attaches a copy of his document demand responses (Docket

No. 37, Ex. A).  In response to demand number 8, asking for business records for the pizzeria,

plaintiff now withdraws any claim for past and future lost wages, hence not requiring production

of those business records (or the other business records sought in demands 9-11).  Plaintiff states

that he cannot find the records sought regarding the motorcycle (id.).

Although plaintiff produced what he had available (and announced that he did not have

materials responsive to the rest) in the face of the motion, the drastic sanction of evidentiary

preclusion is **not warranted here**.  Lafarge has not replied in this motion to indicate that this

belated disclosure remains deficient.  Plaintiff, in fact, agrees to abandon claims to certain lost

wages which is advantageous to defendants.  The appropriate discovery sanction here is the

reasonable motion expenses incurred by Lafarge in making this latest motion.

## CONCLUSION

For the reasons stated above, defendant Lafarge North American Corporation's motion

(Docket No. 35) to preclude plaintiff from introducing evidence as a discovery sanction is **denied**

**in part** (denying evidence preclusion), but **granted in part** (granting reasonable motion costs as

sanction).  Lafarge shall present an affidavit of its reasonable motion expenses (including

attorney's fees) related to this motion within five (5) business days of entry of this Order;

plaintiff may respond to this fee application within five (5) business days of Lafarge's filing of its affidavit.

So Ordered.

/s/ Hugh B. Scott

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 19, 2007