UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER BRICK,

                Plaintiff,

                                **Hon. Hugh B. Scott**

             v.

                                06CV622

                                (CONSENT)

CSX TRANSPORTATION, INC.,
NEW YORK CENTRAL LINES, LLC,              **Order**
LAFARGE NORTH AMERICAN CORPORATION,

                Defendants.

      Before the Court is defendant Lafarge North American Corporation's ("Lafarge") timely discovery sanction fee application (Docket No. 40[1], Nov. 26, 2007) on its motion (Docket No. 35) to preclude plaintiff from introducing certain evidence for failing to respond to Lafarge's discovery requests and comply with this Court's Order (Docket No. 34). The parties consented to proceed before the undersigned Magistrate Judge on January 4, 2007 (Docket No. 8).

      Pursuant to the Order (Docket No. 38, Order at 6) granting in part Lafarge's relief (sanctions for plaintiff's belated disclosure), Lafarge filed an affidavit of its motion expenses. Responses to this application were due within five (5) business days of its filing (or by December 3, 2007), and the application was deemed submitted (without oral argument) on December 3, 2007 (Docket No. 38, Order at 6-7).

---

      [1]In support of this application, Lafarge submitted its attorney's affidavit with exhibits, Docket No. 40. Plaintiff did not file a response to this application.

**BACKGROUND**

Familiarity with the facts from prior Orders in this action (e.g., Docket Nos. 33, 38) is presumed. This personal injury action was commenced in New York State Supreme Court, Niagara County, and was removed to this Court on September 14, 2006 (Docket No. 1), on the basis of diversity jurisdiction. This case arises from a motorcycle accident that occurred on or about September 10, 2003 (see Docket No. 22, CSX Motion at 2), on land alleged to be owned by defendants.

Lafarge initially moved to preclude plaintiff from introducing his expert testimony because plaintiff only identified his experts but did not provide their reports (Docket No. 19, Lafarge Atty. Aff. ¶¶ 6, 7, Ex. D; see Docket No. 24, Pl. Atty. Aff. Ex. B; see also Docket No. 35, Lafarge Atty. Aff. ¶ 5). The Court granted in part, denied in part this motion, denying preclusion of expert testimony but ordering plaintiff to identify his experts (Docket No. 33, Order at 7). Meanwhile, Lafarge filed another motion to compel plaintiff to respond to its notice of discovery and inspection (Docket No. 26, Notice of Motion; Docket No. 27, Lafarge Atty. Aff., ¶ 9, Ex. A). The Court granted this unopposed motion (Docket No. 33, Order at 7-8).

Lafarge then served its Notice for Inspection and Discovery (Docket No. 35, Ex. A), seeking before and after photographs of the motorcycle involved in the accident; documents about the motorcycle; sales documents for plaintiff's pizzeria and other business records for that pizzeria (id.). Lafarge claims that its document demands were directed to plaintiff's lost wage claims (Docket No. 35, Lafarge Atty. Aff. ¶ 9). Plaintiff had not responded to Lafarge's request (or to prior ones) (id. Lafarge Atty. Aff. ¶ 7). Lafarge moved (Docket No. 35) to preclude plaintiff from offering proof or evidence to support his claims for past and future lost wages for

failing to respond to Lafarge's Notice for Discovery and Inspection (Docket No. 35, Ex. A) and failure to comply with this Court's Order (id., Ex. B; Docket No. 33). Plaintiff responded with a copy of the response to Lafarge's document demands (dated October 18, 2007) including withdrawal of his claims for past and future lost wages (obviating the need to produce financial records for the pizzeria) (Docket No. 37, Ex. A).

This Court denied Lafarge its motion seeking the ultimate sanction of evidentiary preclusion but held that the appropriate sanction for plaintiff's belated disclosure was to impose "the reasonable motion expenses incurred by Lafarge in making this latest motion" (Docket No. 38, Order at 6).

*Fee Application*

Lafarge filed an attorney's affidavit which accounts for the motion costs it incurred. Lafarge's counsel expended 3.8 hours, at a total attorney's fee of $741.00, in preparing the moving papers, and Lafarge seeks to recover that amount as its motion costs (Docket No. 40, Lafarge Atty. Aff. ¶ 3), apparently at an attorney's rate of $195.00 per hour. Lafarge's counsel did not expressly state her rate or her years of experience to justify it, although she is a partner in a major law firm in this city (see id. ¶ 1). Lafarge is not seeking to recover other expenses associated with its motion.

Plaintiff did not respond to this fee application.

**DISCUSSION**

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u>

3

§ 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here).  In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.

The only issue here is the attorney's fee for the time expended in filing Lafarge's motion. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. The Court has reviewed Lafarge's submission with care and the time claimed by Lafarge's counsel is reasonable. Plaintiff has not responded to dispute either the time claimed that was expended in making this last motion or the rate claimed. The almost four hours in preparing moving and reply papers (as well as reviewing plaintiffs' responding papers) with the largest amount of time spent preparing the initial moving papers (Docket No. 40, Lafarge Atty. Aff. ¶ 3) is reasonable. It is within this Court's discretion to determine the reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11. Although counsel did not discuss her expertise or experience to justify this rate, the Court takes judicial notice of the fact that Lafarge's counsel, Jody Briandi, has been admitted to practice in New York since 1997 and before this Court since 1998. See generally www.Martindale.com; Fed. R. Evid. 201. According to her firm's biography, Ms. Briandi has extensive litigation and federal court experience, see www.hurwitzfine.com/profile.php?id=jeb. The rate of $195 per hour for Ms. Briandi's services is consistent with the prevailing market rates in this city and this district, see NYS NOW, supra, 1996 U.S. Dist. LEXIS 17578, at *5; cf. Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *10-13 (citing recent cases from this Court on recognized reasonable attorneys' fee rates); see also Steinman v. Spinal Concepts, Inc., No. 05CV774, Docket No. 84

(Order of Nov. 21, 2007, at 1, 3) (sixth-year associate claiming rate of $200 per hour not disputed by opponent, fee application awarded based upon undisputed rate).

## CONCLUSION

For the reasons stated above, defendant Lafarge North American Corporation's application for discovery sanction fees (Docket No. 40) is **granted**; Lafarge shall recover from plaintiff **$741.00**. The Court finds that this amount is reasonable for Lafarge's motion expenses.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 10, 2007